J-S32013-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ZACHAURY C. CAPRIOTTI | : | |
| | : | |
| Appellant | : | No. 306 MDA 2023 |

Appeal from the PCRA Order Entered September 16, 2022
In the Court of Common Pleas of Sullivan County Criminal Division at
No(s): CP-57-CR-0000073-2005

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ZACHAURY C. CAPRIOTTI | : | |
| | : | |
| Appellant | : | No. 307 MDA 2023 |

Appeal from the PCRA Order Entered September 16, 2022
In the Court of Common Pleas of Sullivan County Criminal Division at
No(s): CP-57-CR-0000075-2005

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ZACHAURY C. CAPRIOTTI | : | |
| | : | |
| Appellant | : | No. 308 MDA 2023 |

Appeal from the PCRA Order Entered September 16, 2022
In the Court of Common Pleas of Sullivan County Criminal Division at
No(s): CP-57-CR-0000076-2005

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  |  |  |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| | : | |
| ZACHAURY C. CAPRIOTTI | : | |
| | : | |
| Appellant | : | No. 309 MDA 2023 |

Appeal from the PCRA Order Entered September 16, 2022
In the Court of Common Pleas of Sullivan County Criminal Division at
No(s): CP-57-CR-0000089-2005

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ZACHAURY CLAYTON CAPRIOTTI | : | |
| | : | |
| Appellant | : | No. 310 MDA 2023 |

Appeal from the PCRA Order Entered September 16, 2022
In the Court of Common Pleas of Sullivan County Criminal Division at
No(s): CP-57-CR-0000027-2006

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ZACHAURY CLAYTON CAPRIOTTI | : | |
| | : | |
| Appellant | : | No. 311 MDA 2023 |

Appeal from the PCRA Order Entered September 16, 2022
In the Court of Common Pleas of Sullivan County Criminal Division at
No(s): CP-57-CR-0000028-2006

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |

ZACHAURY  CAPRIOTTI : 
: 
Appellant : No. 312 MDA 2023

Appeal from the PCRA Order Entered September 16, 2022
In the Court of Common Pleas of Sullivan County Criminal Division at
No(s):  CP-57-CR-0000032-2006

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
: 
v. : 
: 
: 
ZACHAURY CLAYTON CAPRIOTTI : 
: 
Appellant : No. 313 MDA 2023

Appeal from the PCRA Order Entered September 16, 2022
In the Court of Common Pleas of Sullivan County Criminal Division at
No(s):  CP-57-CR-0000033-2006

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.: **FILED: NOVEMBER 20, 2023**

Appellant Zachaury Clayton Capriotti[1] appeals from the September 16, 2022 Order of the Sullivan County Court of Common Pleas denying as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S §§ 9541-46.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  On August 3, 2006, Appellant pled guilty to the following offenses: Burglary, Criminal Conspiracy to Commit Burglary, Theft by Receiving Stolen Property, Possession of an Incendiary Device, Theft by Unlawful Taking, Obscene or

_____

[1] The record includes various spellings of Appellant's first name.  We utilize the spelling appearing on the trial court's docket.

- 3 -

Other Sexual Materials, and Criminal Mischief. The court sentenced Appellant to an aggregate term of 68-240 months of incarceration. This Court affirmed the Judgment of Sentence on August 2, 2007, and the Supreme Court denied Appellant's Petition for Allowance of Appeal on March 12, 2008.[2]

On May 23, 2008, Appellant filed a timely *pro se* PCRA Petition, and the PCRA court appointed counsel. In his first PCRA petition, Appellant claimed that "his guilty plea had been unlawfully induced as a result of ineffective assistance of counsel." ***Commonwealth v. Capriotti***, No. 2186 MDA 2008, at 2 (Pa. Super. filed Sept. 16, 2009) (citation omitted). Specifically, Appellant asserted that counsel should have sought to suppress his confession, claiming that the investigating state troopers failed to inform him of his ***Miranda***[3] rights and ignored his requests for an attorney. Following evidentiary hearings, the PCRA court denied relief, finding Appellant's prior counsel and the State Troopers to be credible and Appellant not credible. On appeal, this Court affirmed the denial of relief. ***Id.*** at 5.

On August 19, 2022, Appellant filed the instant PCRA Petition *pro se*. In it, he acknowledged that the petition was facially untimely but claimed that it satisfied the newly discovered fact exception. Without development, Appellant maintained that the trial court did not have subject matter jurisdiction to impose his sentence absent an indictment, citing to Article I,

---

[2] ***Commonwealth v. Capriotti***, Nos. 1919-26 MDA 2006 (Pa. Super. filed Aug. 2, 2007), *appeal denied*, 945 A.2d 166 (Pa. 2008).

[3] ***Miranda v. Arizona***, 384 U.S. 436 (1966).

Section 10 of the Pennsylvania Constitution and Pa.R.Crim.P. 141, 143, and 215. PCRA Petition, 9/19/22, at 3-4. He observed that challenges to subject matter jurisdiction are non-waivable. *Id.* at 8. While explaining that he had learned of these "facts" from an inmate at the law library, he did not indicate when he received this knowledge nor why he could not have ascertained it earlier. Instead, he claimed that he had been "over-charged" and reiterated that his statements had been "fabricated." *Id.* at 4.

On September 1, 2022, the PCRA Court appointed Jennifer L. McCambridge, Esq., to represent Appellant and scheduled a hearing for October 24, 2022. On September 16, 2022, however, the PCRA Court denied Appellant's PCRA Petition as untimely without holding a hearing.[4]

On October 16, 2022, Appellant's counsel filed Notices of Appeal.[5] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

_____

[4] The record does not indicate that the PCRA court provided Appellant with notice of the court's intent to dismiss the petition without a hearing as required by Pa.R.Crim.P. 907. Appellant, however, has waived any claims of defective notice as he "has not raised this issue on appeal[.]" ***Commonwealth v. Zeigler***, 148 A.3d 849, 852 n.2 (Pa. Super. 2016). "Moreover, failure to issue [a] Rule 907 notice is not reversible error where the record is clear that the petition is untimely[,]" as in this case. ***Id.***

[5] Appellant filed identical Notices of Appeal, listing all eight trial court docket numbers. One copy of the Notice of Appeal at each docket in this Court designates one specific trial court docket number with faint highlighting, which arguably satisfies our Supreme Court's requirement that separate notices of appeal be filed corresponding to each docket. ***See Commonwealth v. Young***, 265 A.3d 462, 477 (Pa. 2021); ***see also Commonwealth v. Johnson***, 236 A.3d 1141, 1148 (Pa. Super. 2020) (*en banc*) (accepting notices of appeal with multiple docket numbers, where the appellant

*(Footnote Continued Next Page)*

On June 19, 2023, Appellant's counsel filed a ***Turner/Finley*** No-Merit Brief and an Application to Withdraw as Counsel.[6]  Appellant has not filed a response.  On June 22, 2023, this Court consolidated Appellant's cases *sua sponte*.

Before this Court, Appellant's counsel raises the following question:

> Did the Trial Court err and/or abuse its discretion in concluding that the Defendant's PCRA Motion was not timely filed and, therefore, the Defendant's request for relief was jurisdictionally barred?

***Turner/Finley*** No-Merit Brief at 9.

## A.

We must first determine whether Appellant's counsel has satisfied the requirements for withdrawal before conducting our independent review of the merits.  PCRA counsel seeking to withdraw under ***Turner/Finley*** in this Court must submit a brief "[1] detailing the nature and extent of counsel's diligent review of the case, [2] listing the issues which the petitioner wants to have reviewed, [3] explaining why and how those issues lack merit, and [4]

---

designated one docket number on each Notice of Appeal by italicizing the number).  Even assuming that Appellant has not sufficiently complied, we decline to remand for Appellant to file proper notices of appeal because it would be inappropriate and a waste of judicial resources where it is clear that Appellant failed to meet the PCRA's jurisdictional time bar.  ***See Commonwealth v. Young***, 280 A.3d 1049, 1057 (Pa. Super. 2022) (concluding on remand that parties will be permitted to correct deficient notices of appeal "as a matter of course" absent, *inter alia* "other circumstances that render clemency inappropriate").

[6] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

requesting permission to withdraw." ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007). "Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." ***Id.*** If we conclude that counsel satisfied these requirements, this court will conduct an independent review of the merits, and if we agree with counsel, we will grant counsel's application to withdraw and affirm the denial of PCRA relief. ***Id.***

After review, we conclude that Appellant's counsel satisfied these technical requirements as she reviewed the case, set forth Appellant's requested claims, determined that the claims did not satisfy any of the exceptions to the PCRA's jurisdictional time bar, and requested to withdraw as counsel. Appellant's counsel additionally provided Appellant with her Brief and Application to Withdraw attached to a June 20, 2022 letter explaining Appellant's options to proceed with the appeal. Accordingly, we proceed to an independent analysis of Appellant's claim seeking PCRA relief.

**B.**

In reviewing the denial of a PCRA petition, our standard of review "requires us to determine whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." ***Commonwealth v. Small***, 238 A.3d 1267, 1280 (Pa. 2020). While we are bound by the PCRA court's factual findings if supported by the record, we review its legal conclusions *de novo*. ***Id.*** Our scope of review "is limited

to the findings of the PCRA court and the evidence of record, which we view in the light most favorable to the party who prevailed before that court." *Id.*

The PCRA mandates that any petition including "a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges" and proves one of three exceptions to the timeliness requirement. 42 Pa.C.S. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review" 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13 (petition for writ of *certiorari* must be filed within 90 days of final judgment). Moreover, "the PCRA's timing provisions [are] jurisdictional in nature, and no court may entertain an untimely PCRA petition." *Small*, 238 A.3d at 1280.

As relevant to Appellant's claim, a petitioner may satisfy an exception to the PCRA's time bar by pleading and proving that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). For claims such as Appellant's arising after December 24, 2017, any petition invoking a timeliness exception "shall be filed within one year of the date the claim could have been presented." *Id.* § 9545(b)(2). Notably, this Court has observed that "a claim of lack of subject matter jurisdiction does not qualify as one of the statutory exceptions to the PCRA's jurisdictional time bar." *Commonwealth v. Larkin*, 235 A.3d 350, 356 (Pa. Super. 2020) (*en banc).*

## C.

As set forth above, Appellant's PCRA Petition is facially untimely as it was filed in 2022, fourteen years after his sentence became final in 2008. Appellant argues that he met the newly discovered fact exception based upon his assertion that the trial court lacked subject matter jurisdiction to impose his sentence absent an indictment. We reject this argument.

Appellant's Petition does not satisfy the newly discovered fact exception because he does not explain why he was unable to ascertain the asserted facts sooner through the exercise of due diligence nor does he state that he filed his Petition "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(1)(ii), (b)(2). As his counsel aptly observes, "[t]he record is simply devoid of evidence that Appellant was just made aware of a deficiency in the manner in which he was charged." ***Turner/Finley*** Brief at 17. Moreover, while Petitioner observes that a challenge to subject matter jurisdiction is non-waivable, he fails to recognize that such a claim does not excuse a petitioner from satisfying the PCRA's jurisdictional time bar. ***Larkin***, 235 A.3d at 356. As Appellant's PCRA Petition is untimely, we grant Appellant's counsel's application to withdraw and affirm the PCRA court's Order.

Application to Withdraw as Counsel granted. Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 11/20/2023